[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS TWO AND THREE
This case arises out of the alleged wrongful termination of the plaintiff by the defendant, allegedly as a result of the plaintiff filing a claim for worker's compensation benefits. In a three-count Revised Complaint dated April 12, 1991, plaintiff pleads that she was discharged because she filed a claim for worker's compensation benefits (Count One); that in discharging the plaintiff, the defendant terminated certain benefits, in violation of the public policy of Conn. Gen. Stat. 31-284b (Count Two); and that defendant violated its implied covenant of good faith and fair dealing by taking advantage of plaintiff's depressed mental state by inducing her to sign a release of all claims against defendant, and by contacting plaintiff directly when it knew she was represented by counsel (Count Three).
The defendant now moves to strike the second and third counts and has filed a memorandum of law in support of the motion. Plaintiff has filed a memorandum of law in opposition.
The defendant moves to strike the second count on the ground that plaintiff has failed to state a cause of action. Conn. Gen. Stat. 31-284b is a portion of the Worker's Compensation Act providing for the continuation of insurance coverage. This section of the general statutes does not create a cause of action; therefore, the count is legally insufficient and is stricken.
The defendant moves to strike the third count on the ground of legal insufficiency, and argues that as an at-will employee, plaintiff cannot claim defendant breached the implied covenant of good faith and fair dealing. We find that the third count, which incorporates the allegations of the first count, alleges sufficient facts to support plaintiff's claim that the dismissal violated public policy. Accordingly, the motion to strike is denied as to the third count. See Magnan v. Anaconda Industries, Inc., 193 Conn. 588, 572 (1984).
M. Hennessey, J.